## CIRCUIT COURT OF GREENE COUNTY

William Morris

v.

Arbutus Morris,
Adm'x of the Estate
of Edward Morris

Case No. 1208

BY JUDGE PAUL M. PEATROSS, JR.

### January 5, 1993

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant, Arbutus Morris, as Administratrix of the Estate of Edward Morris, pursuant to Rule 3:18 of the Rules of the Supreme Court of Virginia. The Court has reviewed the authorities cited and the arguments of counsel made in open court on December 14, 1992.

The Motion for Summary Judgment is denied on the basis that there are sufficient allegations made in the Amended Motion for Judgment on the theory that the decedent acted consciously in disregard of another person's right or acted with reckless indifference to the consequences with knowledge that the decedent should have realized that there was probability that his conduct would cause injury to another. It will be a matter of proof by the plaintiff at trial to establish sufficient facts to make out a case.

The Court will apply the "Fireman's Rule" as to any claim of ordinary negligence by the decedent, Edward Morris. In that regard, the Motion for Summary Judgment is sustained based on the admissions, etc., filed with the Court by Arbutus Morris, as Administratrix.

### August 18, 1993

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant, Arbutus Morris, as Administratrix of the

Estate of Edward Morris pursuant to Rule 3:18 of the Rules of the Supreme Court of Virginia.

By letter opinion on January 5, 1993, the Court granted the Motion for Summary Judgment as to any claim of ordinary negligence by the decedent, Edward Morris. The remaining issue is whether the fireman's rule also bars recovery for willful and wanton conduct by the decedent. The Court has reviewed the authority presented and the arguments made by counsel in Court on August 9, 1993.

1. *No Exception to Fireman's Rule for Willful and Wanton Conduct*

Stating the "fireman's rule," the Virginia Code provides that:

> One who through negligence starts a fire is not liable, solely because of such negligence, for injuries sustained by a fireman while attempting to suppress the fire, where there are no circumstances to suggest that any negligent act of the defendant caused the fireman to be subjected to risks of injury beyond those inherently involved in fire fighting. Where none but the usual hazards are involved in fighting the fire in question, the fireman assumes the risk thereof.

Section 10.1–1137 of the Code of Virginia of 1950, as amended.

Police officers are also equated with firefighters for the purposes of the fireman's rule because of the public nature of their rights and duties. *Pearson v. Canada Contracting Co.*, 232 Va. 177, 184–85 (1986).

In its letter opinion of January 5, 1993, the Court held that the fireman's rule barred recovery for injuries caused by the ordinary negligence of the deceased Edward Morris and granted the Defendant's Motion for Summary Judgment as to any claim of ordinary negligence. The Federal Court (applying Virginia law) has held that the fireman's rule also applies in cases of gross negligence:

> Nothing in the Virginia cases supports defendant's claim that the fireman's rule is avoided in cases of so-called gross negligence . . . . The concept of "undue risk" does not refer to the level or degree of negligence, but rather to the nature of the risk. If the risk is inherent in the officer's duties, it is assumed by the officer and the rule applies.

*Johnson v. Teal*, 769 F. Supp. 947, 953 (E.D. Va. 1991).

The Plaintiff maintains that there is an exception to the fireman's rule in cases where the injury was caused by willful and wanton conduct. It is established in Virginia that willful and wanton conduct is different from negligence, gross negligence, and intentional conduct. *Infant C. v. Boy Scouts of America*, 239 Va. 572 (1990). There is, however, no exception to the fireman's rule for wanton and willful conduct which subjects the officer to a risk which is assumed in his job:

> When it is contended that a defendant's negligence subjects the officer to an undue risk, not inherently involved in the normal pursuit of his duties, the issue of the officer's assumption of the risk becomes one of fact for the jury rather than a matter of law.

*Commonwealth v. Millsaps*, 232 Va. 502, 510 (1987).

This authority establishes that in order to avoid being barred by the fireman's rule, the Plaintiff must allege that his injury was sustained outside of the scope of his normal duties and that the risk of injury was thus an undue risk. Since the Plaintiff fails to allege in his pleadings that the risk of being shot while responding to the incident in question was an undue risk, there is no question of fact in dispute to present to a jury.

The Plaintiff makes no claim that his injury was received outside the line of duty:

> On or about February 11, 1991, the Plaintiff, acting in his official capacity as Sheriff of Greene County, along with one of his deputies, accompanied Arbutus Morris to her marital residence to assist her in obtaining her car.

Plaintiff's Amended Motion for Judgment, Paragraph 3.

By his own admission, the risk of being shot by another is an inherent risk in the occupation of a law enforcement officer. Plaintiff's Response to Defendant's Request for Admissions, No. 2(t). While the Plaintiff denies that his visit to the home of Mr. and Mrs. Morris was a domestic call, he admits that "we probably do this hundreds of times a year." Plaintiff's Response to Defendant's Request for Admissions, No. 2(f). The Plaintiff also admits that he told a newspaper reporter that the shooting incident in which he was injured could have happened in Greene County on twenty prior occasions during the time that he served as Sheriff of Greene County. Plaintiff's Response to

4

Defendant's Request for Admissions, No. 2(v). These admissions establish that the risk of such injury as suffered by the Plaintiff is an intrinsic part of this type of routine call.

To support his theory of an exception to the fireman's rule for injury caused by willful and wanton conduct, the Plaintiff cites *Commonwealth v. Millsaps, supra,* at 510: "When the defendant's conduct is found to be willful and wanton, the defense of assumption of risk may be entirely barred. *See, Korzun v. Shahan,* 151 W. Va. 243, 252 (1966)."

The *Korzun* case, which holds that assumption of risk may be barred if the defendant's conduct is willful and wanton, involved a passenger who was injured when the driver of the car exceeded 100 miles per hour on a mountain road and crashed. In that case, the West Virginia Court held that:

> In a negligence action resulting from the operation of an automobile, the defense of contributory negligence of assumption of risk on the part of a plaintiff is not available to a defendant who is guilty of wanton and willful conduct which operates to injure the plaintiff.

*Korzun, supra.* In the *Korzun* case, the defendant's willful and wanton conduct subjected the injured plaintiff to a risk that was not a normal, inherent risk of riding in an automobile. The plaintiff in that case was a civilian to whom the fireman's rule did not apply, and the risk of injury was not one that the passenger assumed as part of his duty or occupation.

A law enforcement officer, on the other hand, assumes the risk of being injured any time he responds to a domestic dispute. Being shot at is an inherent hazard of police work whether the shooting is negligent, willful and wanton, or intentional, just as being burned is an inherent risk of firefighting whether the fire was caused negligently or by arson. "Firemen assume the risks of the usual hazards involved in firefighting, *regardless of the origin of the fire. Pearson v. Canada Contracting Co.,* 232 Va. 177, 183 (1986). (Emphasis added.)

2. *The Risk of Injury from Edward Morris Was the Reason for the Plaintiff's Presence on the Property*

The Plaintiff also relies on a line of cases which establish that a policeman or firefighter may recover if the negligently created risk was not the reason for the Plaintiff's presence on the property. Under Vir-

ginia law, the fireman's rule does not extend to shield negligent acts that are separate and independent from the act that occasions a police officer's presence. *Johnson v. Teal*, 769 F. Supp. 947 (E.D. Va. 1991).

In *Benefiel v. Walker*, 244 Va. 488 (1992), a policeman recovered when his cruiser was struck from behind by a negligent driver while he was writing out a speeding ticket for another car. In the *Johnson* case, the fireman's rule did not preclude a police officer from recovering for personal injuries sustained in a collision with a motorist while he was responding to a call which did not involve the motorist.

The Plaintiff contends that the fireman's rule should not bar his recovery since the dangerous behavior of Edward Morris was not the reason for his presence on the property. Mrs. Arbutus Morris testified that she contacted the Sheriff to escort her to her home and help her retrieve her automobile because her husband Edward Morris had threatened to kill her with a shotgun. The Plaintiff admitted that he was aware that Edward Morris kept firearms in his home. Plaintiff's Response to Defendant's Request for Admissions, No. 2(h). The Plaintiff also admitted that he knew, when he accompanied Arbutus Morris to her home on February 11, 1991, that there had been an incident of domestic violence at the house on the previous day which had caused her to leave the house. Plaintiff's Response to Defendant's Request for Admissions, No. 2(j).

This evidence shows that the fact that Edward Morris was violent and armed with a shotgun was in fact the precise reason why the Plaintiff accompanied Mrs. Morris to her home. The decedent's negligent or willful and wanton acts in shooting the Plaintiff were not therefore separate and independent from the act that occasioned the Plaintiff's presence. The *Benefiel* and *Johnson* cases are inapplicable to the case at bar and do not provide an exception to the fireman's rule under which the Plaintiff may recover.

In summary, the Motion for Summary Judgment is sustained for the following reasons.

(1) The Plaintiff has not stated a cause of action for willful and wanton conduct of Edward Morris in his Amended Motion for Judgment because he does not allege that he was acting outside the scope of his normal duties. The claim is thus barred by the fireman's rule.

(2) Even if he did state a cause of action, the answers to the Request for Admissions show that he was not acting outside of the scope of his normal duties at the time he was injured.

6

(3) Any claim of gross negligence is barred by the fireman's rule per the *Johnson v. Teal* case, *supra*.