# CIRCUIT COURT OF THE CITY OF NORFOLK

Ralph E. Irby

v.

John Doe

August 26, 1998

Case No. (Law) L97-2544

By Judge Joseph A. Leafe

The Court has reviewed carefully the motions for summary judgment filed by each of the parties, the applicable pleadings, memoranda supporting the motions, and the applicable legal authority. The agreed issue is the applicability of the "fireman's rule" to the factual allegations of this particular case.

Plaintiff argues that the 1992 amendment to Va. Code § 8.01-226 effectively abrogated the fireman's rule. It is the Court's view that the language of the amendment does not eliminate this long-held doctrine and further, had the Legislature intended that result, they would have acted in a more specific way. At the time the amendment was enacted, the combined cases in *Benefiel v. Walker*, 244 Va. 488 (1992), were pending before the Supreme Court. These cases involved third party negligence, and in both cases, lower courts had denied recovery based on applicability of the fireman's rule. The 1992 legislative enactment seemed designed to address the very same issue subsequently decided by the Supreme Court in *Benefiel*. In *Benefiel*, the Court was very careful to draw the distinction between those situations where the injury occurred from the very circumstance which gave rise to the emergency and those circumstances where the negligent act was subsequent to that giving rise to the emergency. This Court finds that the ordinary care duty contained in the 1992 amendment applies to those circumstances set forth in *Benefiel* which did not constitute a risk of injury inherent in the plaintiff's employment.

Plaintiff's allegation in this case is willful and wanton negligence. The facts of this case seem to fall within the category of *Commonwealth v. Millsaps*, 232 Va. 502 (1987), but the allegations are different. In *Millsaps*, the allegation was negligence and the court found that the fireman's rule applied. The court indicated *in dicta* that the rule would not have applied had the defendant's conduct been willful or wanton. The majority reaffirmed this thinking, again *in dicta*, in *Goodwin v. Hare,* 246 Va. 402 (1993), when they held that the fireman's rule was inapplicable to intentional torts. Based on the language in these two Supreme Court cases, this Court holds that the establishment of willful and wanton negligence on the part of John Doe would bar use of the fireman's rule as a defense. The plaintiff has the burden of establishing willful and wanton negligence on the part of John Doe, and this will be an issue for the jury. Failure of the plaintiff to establish willful and wanton negligence would bar the plaintiff's recovery under the authority of *Millsaps*. It is this Court's view that the fireman's rule would apply to bar recovery for either negligence or gross negligence.

For the reasons stated, both the motions for summary judgment are overruled.