Jonathan M. GREENE, Plaintiff,

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Defendant.**

**No. CIV. A. 299CV384.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 15, 1999.

Judd B. Mendelson, Steingold & Mendelson, Portsmouth, VA, for Plaintiff.

James W. Walker, Morris & Morris, Richmond, VA, for Defendant.

### ORDER AND OPINION

DOUMA, District Judge.

This matter came before the Court for a hearing on Defendant's motion for summary judgment. The Court considered the parties' oral argument and the memoranda submitted, and at the conclusion of the hearing in this matter indicated that it would **GRANT** Defendant's motion. This Order and Opinion, together with the reasons set forth on the record, form the basis of the Court's decision, as summary judgment for the Defendant is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Jonathan Greene, is a police officer for the City of Chesapeake, Virginia. This action stems from an injury Greene suffered while working as a police officer on July 29, 1997. Specifically, Greene injured his left shoulder while removing the driver from a tractor trailer truck. Greene claims that he and twelve fellow officers traveling on bicycles stopped the truck in Chesapeake, Virginia. Greene claims that he was the last in the line of thirteen police officers and that as he approached the front of the truck, he heard the truck shift into gear. Greene alleges that he saw at least two of his fellow officers in front of the truck and feared for their safety. Based on what Plaintiff perceived to be a threat to the safety of his fellow officers, Greene entered the cab of the truck on the driver's side and placed the driver, Delmar Gene Parker, in what is known as a "choke hold." The record indicates that Sergeant Torres and Officer Rowe had previously pulled up on the left side of the truck and were already talking to Parker when Greene decided to open the door and enter the cab of the truck. After Greene placed Parker in a choke hold, Parker took the truck out of gear and engaged the brake. Immediately thereafter, Greene forcibly removed Parker from the truck. It is this removal which resulted in Greene injuring himself.

Greene stated that he believed Parker's "skull would be split" if the truck driver fell to the ground. He further stated that in an effort to protect the driver from a potentially serious head injury, because the distance from the cab of the truck to the ground was approximately eight feet, Greene moved his body so that he would land first and cushion Parker's fall. The fall from the cab caused an injury to Greene's shoulder, which forms the basis of Greene's claims.

Greene initially filed a motion for judgment in Chesapeake Circuit Court seeking joint and several liability against Parker and his employer, Consolidated Freightways Corporation of Delaware ("Consolidated"), in the amount of $100,000.00. During the litigation in Chesapeake Circuit Court, Greene filed a non-suit dismissing Parker from the case.[1] As a result of the non-suit of Parker, there was complete diversity of citizenship and Consolidated removed the case to this Court. Discovery commenced and Consolidated moved for summary judgment.

Consolidated advances three arguments in support of its motion for summary judgment. First, Consolidated argues that the Virginia fireman's doctrine applies in this case; therefore, Greene cannot recover as a matter of law. Consolidated also argues that summary judgment should be granted based on Greene's assumption of risk, or contributory negligence. However, the Court need not address the contributory negligence of Greene because it finds (1)

---

1. Parker was charged with reckless driving and ultimately found guilty of improper driving. *See* General District Court Transcript from trial of Parker, No. GC97007893–0 (Sept. 12, 1997).

the fireman's doctrine is applicable and (2) Greene assumed the risk of injury when he forcibly removed Parker from the truck. Therefore, Greene's recovery is barred as a matter of law under the facts of this case.

## STANDARD OF REVIEW

Summary judgment should be granted where it appears that the pleadings, depositions and answers, and other documentary evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. To defeat a motion for summary judgment, the non-moving party must demonstrate that there are specific and material facts in dispute which create a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the moving party, disposition by summary judgment is appropriate." *United States v. Lee*, 943 F.2d 366, 368 (4th Cir.1991).

## ANALYSIS

I. *The Fireman's Rule*

■ The Virginia Supreme Court first applied the fireman's rule in a case where a fireman was burned while fighting a fire that the defendant had negligently started in a right-of-way. *Chesapeake & Ohio Ry. Co. v. Crouch*, 208 Va. 602, 159 S.E.2d 650 (1968). In *Crouch*, the Virginia Supreme Court held that the fireman's doctrine is a type of assumption of risk and applies due to the relationship the fireman has with the public, from which arises his obligation to accept certain risks inherent in the position of fighting fires. Since the inception of the fireman's rule, courts have held that "[i]t is the fireman's [or policeman's] business to deal with that very hazard and hence ... he cannot complain of negligence in the creation of the very occasion for his engagement." *Benefiel v. Walker,*

244 Va. 488, 492, 422 S.E.2d 773, 775 (1992) (quoting *Flowers v. Rock Creek Terrace Ltd.*, 308 Md. 432, 520 A.2d 361 (1987)). In any instance where a police officer arrests someone, that someone would have necessarily violated some law. The violation of the law brings about the arrest. Under the fireman's rule, the police officer cannot complain of negligence based upon the violation of some law which brings about the arrest. The question then is whether when the police officer suffers an injury not caused by the defendant during an arrest, but the injury is brought about by the police officer's own action, is the police officer entitled to recover from the defendant for the injuries the police officer thus sustained?

■ The fireman's rule is most commonly applied in cases in which police officers or firemen are injured while responding to the call of duty on a person's premises. *See Pearson v. Canada Contracting Co., Inc.*, 232 Va. 177, 349 S.E.2d 106 (1986). However, the fireman's rule is not limited to premises liability. In a non-premises liability case involving an appeal based on the jury instructions, the Virginia Supreme Court noted that, although the matter was sent to the jury and the jury returned a verdict for the defendant, the trial court should have granted summary judgment pursuant to the fireman's rule. *Commonwealth of Virginia v. Millsaps*, 232 Va. 502, 352 S.E.2d 311 (1987). In *Millsaps*, the Commonwealth sought costs for property damages sustained during a police roadblock and arrest of an errant motorist. The damages occurred as a result of the police chase. The court found no distinction between property damages and personal injury of a police officer and indicated that under the fireman's rule, an officer must "accept the usual risks inherent in his duties." *Id.* The court held that the police acting on behalf of the Commonwealth "assumed the risk as a matter of law, pursuant to the fireman's rule ..." *Id.* In *Pearson,* the court ad-

dressed the issue of the duty of care owed to firemen as licensees or invitees stating:

> We are persuaded by two fundamental policies to impose a rule of limited liability in cases such as these. First, injuries to firemen and policemen are compensable through workers' compensation. Code Sections 65.1–4,–4.1. The burden of their financial loss, therefore, is properly borne by the public rather than by individual property owners ... Second, and more important, firemen and policemen, unlike invitees or licensees, enter at unforeseeable times and go upon unusual parts of the premises, including areas not open to the public. Except for scheduled inspections, their presence at any particular time cannot be reasonably anticipated. In such situations, it is not reasonable to require the level of care that is owed to invitees or, without some modification, the level of care owed to licensees.

232 Va. at 184, 349 S.E.2d at 111.

## II. *Virginia Code Section 8.01–226*

Plaintiff argues that the fireman's doctrine was abrogated by the Virginia General Assembly's amendment to Virginia Code Section 8.01–226 (Duty of care to law enforcement officers and firefighters) in 1992. Section 8.01–226 was enacted in 1987 and provided:

> An owner or occupant of real property containing premises normally open to the public shall, with respect to such premises, owe to firefighters ... and law-enforcement officers who in their performance of their duties come upon that portion of the premises normally open to the public the duty to maintain the same in a reasonably safe condition or to warn of dangers thereon of which he knows or has reason to know, whether or not such premises are at the time open to the public.

> An owner or occupant of real property containing premises not normally open to the public shall, with respect to such premises, owe the same to duty to fire-

fighters, ... and law-enforcement officers who he knows of, has reason to know are upon, about to come upon or imminently likely to come upon that portion of the premises not normally open to the public.

Va.Code Ann. § 8.01–226. Thus, the duty owed by a property owner would be that owed to a licensee for the condition of the premises.

In 1992, the General Assembly amended Section 8.01–226 to add a third paragraph which provides "while otherwise engaged in the performance of his duties, a law enforcement officer ... or firefighter shall be owed a duty of ordinary care." *Id.* Based on the 1992 Amendment to Section 8.01–226, Plaintiff argues that the fireman's rule no longer applies in Virginia. It is this latter amendment which forms one of the issues in this case.

■ In construing statutes, the court must presume that the General Assembly did not intend to change or modify the common law. *See Wilson v. Volkswagen of Am., Inc.,* 445 F.Supp. 1368, 1374 (E.D.Va.1978) ("a statute written in derogation of the common law is to be strictly construed"); *Boyd v. Commonwealth,* 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988). Additionally, the General Assembly is presumed to be aware of common law and of the decisions of the Supreme Court of Virginia interpreting the common law. *Burns v. Board of Supervisors,* 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984).

Furthermore, the court must be guided in its statutory interpretation by the "mischief rule," which provides as follows:

> [F]or the sure and true interpretation of all statutes in general ..., four things are to be discerned and considered:

> 1st. What was the common law before the making of the Act.

> 2nd. What was the mischief and defect for which the common law did not provide.

3rd. What remedy the Parliament hath resolved and appointed to cure the disease of the commonwealth.

4th. The true reason of the remedy; and then the office of all the Judges is always to make such construction as shall suppress the mischief, and advance the remedy, and to suppress subtle inventions and evasions for continuance and mischief, and *pro privato commodo,* and to add force and life to cure and remedy, according to the true intent of the makers of the Act, *pro bono publico.* Board of Supervisors v. King Land Corp., 238 Va. 97, 380 S.E.2d 895 (1989) (citing *Heydon's Case,* 3 Co. Rep. 7a, 7b, 76 Eng. Rep. 637, 638 (1584)). According to the mischief rule, the court must construe the General Assembly's 1992 amendment to Section 8.01–226, and the amendment's impact, if any, to the Virginia fireman's rule, a common law doctrine.

Immediately prior to the enactment of Section 8.01–226 in 1987, the Virginia Supreme Court decided *Pearson v. Canada Contracting Co.,* 232 Va. 177, 349 S.E.2d 106 (1986), which involved two cases addressing the duties owed to either firemen or police officers who enter a premises while engaging in their normal work. The court determined that police officers and firemen are similar to modified licensees, and as such are owed a duty of reasonable care which requires the owner or occupant to make the premises safe or to warn of known dangers. 232 Va. at 185, 349 S.E.2d 106. In order to clarify the law and change the standard of care determined in *Pearson,* the General Assembly enacted Section 8.01–226 setting forth the duty of care in a premises liability case, which is the duty owed by an owner or occupant of the premises to an invitee, instead of a licensee. Va.Code Ann. § 8.01–226.

After the enactment of Section 8.01–226, the Virginia Supreme Court ruled in *Millsaps* that the fireman's rule is applicable in non-premises liability cases and reiterated the duty of care owed to fireman. *Mill-saps,* 232 Va. at 509–10, 352 S.E.2d 311. The court emphasized that the public must compensate officers injured in the course of their duties through worker's compensation and the like. *Id.* at 509–10, 352 S.E.2d 311. Then, following *Millsaps,* the General Assembly added the third paragraph to Section 8.01–226 insuring that firemen or police officers are owed a duty of ordinary care.

■ In accordance with the "mischief rule," and considering the state of the law prior to the General Assembly's amendment in 1992 together with the specific language added by the General Assembly in the third paragraph amendment to 8.01–226, the court finds that the third paragraph amendment to Section 8.01–226 does not abrogate the common law fireman's rule. Rather, the amendment clarifies the duty of care owed to firemen and police officers while performing their duties. The fireman's rule itself is not premised on the absence of a "duty owed," but is instead premised on public policy reasons which impose a form of assumption of risk in the case of firemen and policemen injured in the course of fulfilling their duties. *See Crouch,* 208 Va. at 607–08, 159 S.E.2d 650 ("the assumption of risk doctrine in fire cases does not depend upon the existence of a spirit of venturesomeness in the face of a known danger ... but rather upon the relationship between a fireman and the public, from which arises his obligation to accept the usual risks of injury in undertaking to suppress fires without regard for whether or not they are caused by negligence"). The fireman's rule was not abrogated by the 1992 amendment. The amendment merely indicated that the statute itself was modified to apply in cases other than premises so far as the duty of care is concerned. It only dealt with the third party not with the fireman.

■ Therefore the amendment to Section 8.01–226 clarifies the duty of care a third party owes to a fireman or police officer and the amendment was not intend-

ed to create liability where there is none or to change the assumption of risk factor. Here, Plaintiff alleges that Consolidated negligently put the truck in gear. However, that condition had ceased because Parker took the truck out of gear and engaged the brake prior to the forcible removal of Mr. Parker from the truck. There is no allegation that after the choke hold Parker or Consolidated did anything but be thrown to the ground. There was nothing shown to be negligent about the maintenance of the truck itself. Neither the height, nor the manner or composition of the parts of the truck nor any action associated with Consolidated's activities had anything to do with the forcible removal of Parker from the truck or the manner of removal. The damages to Greene were caused solely by what Greene stated was his "humanitarian desire" to prevent Parker from being injured while being arrested and thrown to the ground from the height of the truck's cab. Assuming Parker negligently drove the truck "improperly," this in no way alters the responsibility of Officer Greene or the assumption of risk inherent in the fireman's rule. The improper driving had ceased. The removal of Parker from the truck and pulling him to the ground resulted from the manner of the arrest. The fireman's rule still applies with its attendant assumption of risk.

As set forth above, the facts indicate that Officer Greene was injured while arresting Parker, the driver of the truck. Certainly, an arrest is one of the normal duties of a police officer. Greene testified at his deposition that he purposefully positioned himself so that when the two men landed on the ground Greene would land first to prevent a potential head injury to the driver, Parker. *See* Greene Dep. at 28–29. Greene admits that his positioning was intentional, and that he was aware that he might be injured due to the fall. *See* Greene Dep. at 76. In fact, when questioned about whether he recognized that he might be injured when he fell, he answered, "Yes. There is a probability of [sustaining an injury]. I guess possibility

would be a better word." Greene Dep. at 76. He also answered "yes," when asked whether it was "just one of those things that comes with being a police officer." *Id.*

The undisputed facts in this case based on the deposition testimony of Greene, are that, in an effort to remove the driver from the vehicle, Greene consciously turned his body so as to protect the driver from a possible head injury. Clearly, the manner of the arrest was solely the determination of Greene. The facts of this case are a classic example justifying the applicability of the fireman's rule and the assumption of risk doctrine.

Furthermore, it is undisputed that Greene's injury resulted from the eight-foot fall to the ground, which occurred during his arrest of Parker. Nothing in the record indicates that Greene would have been injured absent the fall, and nothing in the record indicates that the actions of Consolidated caused the fall. For example Plaintiff has not alleged that Parker threw himself out of the truck and onto Greene to benefit Consolidated, nor has Plaintiff alleged that the truck was defective in some regard, causing Greene to fall. Instead, the contrary is undisputed from the record, and supported by Plaintiff's testimony. Greene testified in his deposition that Parker took the truck out of gear and set the brake prior to Greene pulling Parker from the cab of the truck. *See* Greene Dep. at 35–36. Other officers and witnesses to the arrest testified other officers were talking to Parker in the cab of the truck at the time Greene forcibly pulled Parker from the cab to the ground eight feet below. *See, e.g.,* Dep. of Torres at 25. Neither Parker's placement of the truck in gear nor Parker's improper driving has any relation to Greene's alleged injury. Rather, by Greene's own testimony, he purposefully pulled Parker from the truck after the vehicle was stopped and the brake was engaged, and he purposefully fell in such a way as to

protect Parker, and risk injury to himself.[2] Greene was not injured as a result of the conduct of Parker, the placement of the truck in gear, nor any conduct of the corporate defendant. He was injured when he chose to pull Parker eight feet to the ground from the cab of the truck, and by his alleged decision to cushion Parker's fall and prevent an injury to Parker.

Therefore, the Court finds that either (1) Greene's injuries are unrelated to the alleged negligent conduct of Parker, *i.e.*, Parker's placement of the truck in gear or improper driving, or (2) even if Parker's conduct was the proximate cause of Greene's injury, which this Court finds is not the case, still Parker's conduct constitutes the type of negligence inherently assumed by an officer, such as Greene, in the normal pursuit of an officer's duties, *e.g.*, effectuating an arrest of a person who is not resisting. Moreover, the fireman's rule still applies as modified. Lastly, Consolidated did nothing to cause Greene's injuries. Therefore, Greene cannot recover in this case.

### III. *The Intentional Tort Exception to the Fireman's Doctrine*

Plaintiff contends that even if the fireman's rule is still generally applicable, it does not apply in this case based on the exception to the rule set forth in *Goodwin v. Hare*, 246 Va. 402, 436 S.E.2d 605 (1993). In *Goodwin*, the Court held that the fireman's doctrine is inapplicable where the defendant commits an intentional tort injuring a fireman or policeman. 246 Va. at 404, 436 S.E.2d 605. The *Goodwin* case involved an injury sustained by a police officer when the defendant, Hare, resisted arrest and assaulted the officer.

246 Va. at 403, 436 S.E.2d 605. The Court reasoned that while in cases of ordinary negligence the burden of an injury sustained by an officer is shifted to the general public and damages are pursued through worker's compensation rights, cases involving intentional torts leading to injury to the officer differ. 246 Va. at 403, 436 S.E.2d 605. In that regard, the Court in *Goodwin* held that the fireman's rule was inapplicable where (1) the defendant's conduct is wilful or wanton, or (2) the defendant's conduct involved a violation of a statutory duty created for the express benefit of the public officers. *Id.* (citing *Millsaps*, 232 Va. at 510, 352 S.E.2d 311 and *Pearson*, 232 Va. at 185, 349 S.E.2d 106); *see also Johnson v. Teal*, 769 F.Supp. 947, 951–52 (E.D.Va.1991) (refusing to apply fireman's rule to injury sustained by the independent act of a third-party). Greene argues that Parker's conduct was wanton and willful, and therefore, Defendant should be found liable notwithstanding the fireman's rule.

Two obstacles prevent Plaintiff's success on this theory of liability. First, while Plaintiff now claims that the driver was intentionally negligent or that due to the driver's liability for a violation of the statutory law, Defendant is liable for an intentional tort, the pleadings in this case are limited to allegations of simple negligence. Specifically, Plaintiff's motion for judgment in this case simply states that "[a]s a direct and proximate result of the defendant's negligent acts on the occasion in question, plaintiff suffered personal injuries." *See* Motion for Judgment at ¶ 8. Plaintiff has not sought leave to amend his complaint.

Under either the state or the federal pleading requirements, the motion for

---

**2.** Plaintiff argues that neither the fireman's rule nor the assumption of risk doctrine apply in this case because Greene was acting in an effort to protect the lives of his fellow officers. This defense is known as the rescue doctrine. *See Lassiter v. Warinner*, 235 Va. 274, 277, 368 S.E.2d 258, 260 (1988). Greene's testimony during his deposition was that the brake on the truck was engaged prior to his

ejecting Parker from the cab of the truck. Greene was not reacting to any "imminent and real" "immediate peril of death or serious bodily harm to another person." *Millsaps*, 232 Va. at 506–08, 352 S.E.2d 311. Therefore, based on the record in this case, the Court finds that the rescue doctrine is inapplicable.

judgment does not contain sufficient allegations to maintain a claim for an intentional tort in this case. *See* Va. Rules of the Supreme Court, Rule 3 (amended the common law by allowing pleading of claims for general negligence to proceed absent specification of the particulars); Fed.R.Civ.P. 8 (notice pleading) & 9(b) (intent can be generally alleged); *cf. Infant C. v. Boy Scouts of America, Inc.*, 239 Va. 572, 580–83, 391 S.E.2d 322, 325–328 (1990) (reversing lower court's decision to strike evidence, and finding that evidence of intentional tort conformed with the allegations contained in the pleadings of "reckless, and conscious disregard"). Plaintiff is limited to the allegations contained in his pleadings, and he has not sought leave to amend the complaint. Providing a liberal reading to the allegations contained in the plaintiff's motion for judgment, the pleadings fail to provide any notice of Plaintiff's intention to pursue a claim for an intentional tort, or even "reckless and conscious disregard."

The flaw in Plaintiff's reasoning is clear. If the driver was merely negligent in improper driving, then, as set forth above, the claims against Consolidated are barred by the either by the fireman's rule or the doctrine of assumption of risk. Alternatively, if the driver was liable for some other intentional tort, then his actions likely fall outside the scope of his employment,[3] in which case Consolidated cannot be held liable.

Greene's claim fails as a matter of law under the facts of this case, and summary judgment must be granted in favor of the defendant. The Clerk is **DIRECTED** to enter judgment for the defendant and to send a copy of this Order and Opinion to counsel for each of the parties.

**IT IS SO ORDERED.**

---

3. More importantly, they may not be covered by the insurance on the vehicle.