UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1419**

BRIAN COLBERT,

Plaintiff - Appellant,

and

MICHAEL RUNNELS; DONNA RUNNELS,

Plaintiffs,

v.

NORCOLD, INC.; THETFORD CORPORATION; THE DYSON-KISSNER-MORAN CORPORATION,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:16-cv-00713-LO-IDD)

Argued: March 21, 2018                    Decided: April 13, 2018

Before NIEMEYER, TRAXLER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Kassi Dee Patrick Marks, LEGER KETCHUM & COHOON, PLLC, The Woodlands, Texas, for Appellant. Martin Andrew Conn, MORAN REEVES & CONN

PC, Richmond, Virginia, for Appellee. **ON BRIEF:** Bradley L. Leger, LEGER KETCHUM & COHOON, PLLC, The Woodlands, Texas, for Appellant. Lisa M. McMurdo, Laura May Hooe, MORAN REEVES & CONN PC, Richmond, Virginia for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

I.

On August 2, 2015, hydrogen gas leaking from a Norcold 1200 Series gas absorption refrigerator ignited and caused a fire inside of a recreational vehicle. While responding to the fire, Brian Colbert, a sheriff's deputy and volunteer firefighter, was injured by shrapnel from an explosion caused by the fire. Consequently, Colbert sued Norcold, Thetford Corporation, and The Dyson-Kissner-Moran Corporation (collectively, "Norcold") alleging claims for breach of the implied warranty of merchantability; negligent design defect and failure to warn; and punitive damages.

The district court granted summary judgment to Norcold on all claims. In doing so, the district court determined that Virginia's Fireman's Rule, which bars firefighters from recovering from defendants whose negligence created the fire, applied to products liability claims. *See* Va. Code Ann. § 8.01-226 (West 2015 & Supp. 2017). Further, the district court examined Norcold's conduct and concluded that the exception to the Fireman's Rule for willful and wanton conduct did not apply. As a result, the district court held that the Fireman's Rule operated to bar Colbert from recovering against Norcold. The district court also concluded that Colbert's breach of implied warranty of merchantability claim failed because Colbert was not within the class of permissible plaintiffs as one "whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods." Va. Code Ann. § 8.2-318 (West 2015).

## II.

Colbert appeals the district court's summary judgment order. We review the order de novo and view the facts in the light most favorable to Colbert as the nonmoving party. *See Hickerson v. Yamaha Motor Corp.*, 882 F.3d 476, 481 (4th Cir. 2018). Having carefully considered Colbert's arguments, we affirm.

## III.

### A.

Colbert first argues that the district court erred by ruling on his breach of implied warranty of merchantability and negligent failure to warn claims because Norcold did not move for summary judgment on these claims. We conclude that the district court did not err in this regard. Norcold plainly requested summary judgment on the breach of warranty claim as to all plaintiffs, claiming they were "entitled to judgment as a matter of law on Count I of [p]laintiffs' [c]omplaint." J.A. 141.[*] Additionally, Colbert pled his negligent failure to warn claim as part of "Count II - Negligence," *id.* at 32, and Norcold moved for summary judgment on "Count II" "[p]ursuant to Virginia's 'Fireman's Rule,'" *id.* at 143, 141. Accordingly, the district court did not err by ruling on these claims.

### B.

Colbert next contends that the Virginia Fireman's Rule does not apply to products liability claims. He argues in the alternative that Norcold's conduct was willful and wanton, which would warrant an exception to the Fireman's Rule. *See Goodwin v. Hare*,

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

436 S.E.2d 605, 605–06 (Va. 1993). The Virginia Fireman's Rule, a now codified common law doctrine, bars firefighters and other public officials engaging in high risk activities from recovering for negligence causing them injury sustained while performing their duties. *See* Va. Code Ann. § 8.01-226 (West 2015 & Supp. 2017); *Chesapeake & Ohio Ry. Co. v. Crouch*, 159 S.E.2d 650, 653–55 (Va. 1968). The rule does not apply, however, if the defendant's conduct was willful or wanton. *See Goodwin*, 436 S.E.2d at 606.

After reviewing the record and the order of the district court, we agree with the district court: the Fireman's Rule applies to products liability claims, and Norcold's conduct was not willful or wanton. The reasoning behind the Fireman's Rule applies with equal force to products liability claims, and we see no reason the Virginia Supreme Court would not apply it here. *See Benefiel v. Walker*, 422 S.E.2d 773, 775 (Va. 1992) ("It is the fireman's business to deal with . . . hazard[s] and hence . . . he cannot complain of negligence in the creation of the very occasion for his engagement." (quoting *Flowers v. Rock Creek Terrace Ltd. P'ship*, 520 A.2d 361, 367 (Md. 1987))); *Commonwealth v. Millsaps*, 352 S.E.2d 311, 315 (Va. 1987) (explaining that it is Virginia's policy to impose the burden of compensating firefighters for their injuries received in the line of duty "on the public generally, through workers' compensation and other benefits"). Moreover, Norcold issued seven recalls, commissioned several studies, and instituted logging protocols, all in an effort to reduce the risk of fires attributable to their refrigerators. Indeed, that risk has now been reduced to negligible levels. Such responsive conduct is not willful or wanton.

Thus, Colbert's products liability claims are barred by the Fireman's Rule. Accordingly, we need not address whether Colbert is within the class of permissible plaintiffs for a breach of implied warranty claim.

C.

Colbert also asserts that a recent statutory amendment creating a gross negligence exception to the Fireman's Rule applies retroactively. *See* Va. Code Ann. § 8.01-226 (West 2015 & Supp. 2017). We disagree. In creating a new exception, the amendment affects "substantive" rights; that is, it deals with "creation of duties, rights, and obligations." *Shiflet v. Eller*, 319 S.E.2d 750, 754 (Va. 1984). Therefore, it cannot apply retroactively, *see id.*, and we need not address the applicability of the gross negligence exception to this case.

In light of the foregoing, we affirm substantially for the reasons stated by the district court.

*AFFIRMED*