**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Edward LEE,
Defendant–Appellant.**

**No. 88–7684.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1988.

Decided Feb. 13, 1989.

Mortimer Meyer Weinberg, Jr. (Weinberg, Brown & McDougall, Sumter, S.C., on brief), for defendant-appellant.

David Jarlath Slattery, Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief), for plaintiff-appellee.

Before WIDENER, ERVIN, and WILKINSON, Circuit Judges.

WILKINSON, Circuit Judge:

Robert E. Lee appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. He claims the prosecution erred in not disclosing the extent of its plea agreement with Wilbur Rutledge Corvette, Jr., a key government witness at Lee's trial. We hold, however, that the government did not default on its obligations of disclosure and we affirm the judgment of the district court.

### I.

Robert E. Lee was convicted in 1983 after a two-week jury trial on seven drug-related counts. Lee was given an effective sentence of twenty-five years plus a special parole term of twenty-five years. The convictions were affirmed upon direct appeal. *United States v. Love, et al.*, 767 F.2d 1052 (4th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848–49, 88 L.Ed.2d 890 (1986).

Lee's trial lasted from April 21 through May 9. The government's evidence included more than 80 witnesses and more than 150 exhibits, including baled marijuana and a duffel bag of cocaine. Some of the government's witnesses, including Wilbur Corvette, had entered into plea agreements with the government. Because Corvette had operated most closely with the defendants and had been involved in much of the criminal activity, his testimony was particularly damaging. Much of it, however, was also corroborated by other witnesses.

Corvette's agreement permitted him to plead to counts with a maximum exposure of ten years and included the following language:

> If Mr. Corvette provides full and truthful information and cooperates fully, the Federal Government will obtain formal immunity for Mr. Corvette, not to include the RICO conspiracy offense, the conspiracy to import offense, the pending charges in State Court, and any homicide offenses ...

The agreement goes on to state that it encompasses all promises between the parties.

The written plea agreement with Corvette was made available to defense counsel at Lee's trial. When Corvette was sentenced, however, the court took into consideration crimes to which Corvette had testified under promise of immunity and sentenced him to the maximum term of ten years.

Corvette subsequently filed a motion for § 2255 relief on the grounds that his sentence was based in part upon statements made under grant of formal immunity. The government informed the court and the Parole Commission that statements made by Corvette under a promise of immunity relating to crimes other than those charged, could not be used against Corvette in a criminal case. The trial judge thereupon vacated Corvette's sentence and imposed a much reduced one.

Lee now claims that because the full extent of Corvette's immunity was not made known at trial, the jury was unable to properly evaluate Corvette's testimony.

### II.

█ It is axiomatic that plea bargains made between the government and a wit-

ness must be fully disclosed to the defendant. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Here the plea agreement between the government and Corvette was made available to defense counsel at trial. Its promises to Corvette were explicitly set forth. To the extent that defense counsel believed they were unclear, that issue too was open for exploration at trial. Counsel cannot reserve the "ambiguity" of every written plea agreement with government witnesses for just this kind of collateral attack.

■ Here the terms of the plea agreement and the grant of formal immunity incorporated therein were read to the jury. The substantial benefits Corvette received from the bargain were used to impeach him. The cross-examination of Corvette was extensive. The district court noted that "several defense counsel on cross examination, including Lee's own counsel, dealt extensively with Corvette's unsavory background. Corvette was fully examined concerning crimes in which he had been neither indicted, accused, or allegedly involved, in an effort to impeach him because of his extensive and serious prior record."

While the government was unquestionably under an obligation to disclose the bargain with Corvette, it is not at fault whenever opposing counsel misapprehend the import of a plea agreement with a witness. There is no evidence here of governmental deception. The plea agreement referred expressly to a grant of formal immunity for Corvette. He was to receive "formal immunity" for all offenses except for the two conspiracy charges mentioned idnthe agreement, and statements given by him as an immunized witness were not to be used against him in a criminal case. The federal statute providing for formal immunity reads as follows:

> ... the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

18 U.S.C. § 6002 (1988).

■ The words "criminal case" in the immunity statute clearly contemplate the process of sentencing. If they did not, the grant of immunity would be of dubious benefit to a prospective government witness. Appellant is thus not entitled to complain when upon receipt of the government's letter, the district court vacated Corvette's original sentence. The terms of 18 U.S.C. § 6002 fully authorized such action.

We cannot accept the suggestion that the government was guilty of misconduct in this case. The government properly disclosed to the district court the fact that immunized statements were utilized at Corvette's original sentencing. In so doing, it attempted to respect the terms of its plea bargain with Corvette. *See United States v. Griley*, 814 F.2d 967, 972 (1987). This fact, of course, distinguishes the instant situation from *United States v. Harvey*, 791 F.2d 294 (4th Cir.1986), where the government interpreted an ambiguity in the plea agreement to the detriment of defendant and to the possible derogation of its bargain. Finally, we find no evidence that the government struck any side agreements with Corvette or reached any understandings that were not embodied and disclosed to defendant in the written plea agreement.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.