eral law").[5] Accordingly, the judgment of the district court is reversed.

REVERSED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert E. LEE, Defendant–Appellant.**

**No. 90–7313.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1990.

Decided Aug. 14, 1991.

John Eagle Miles, Sumter, S.C., argued for defendant-appellant.

David Jarlath Slattery, Asst. U.S. Atty., Columbia, S.C., argued (E. Bart Daniel, U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

OPINION

ERVIN, Chief Judge:

Criminal defendant, Robert E. Lee, appeals from summary judgment granted in favor of the government. Two allegations constitute the basis of Lee's appeal. First, the district court committed reversible error in allowing a magistrate judge to preside over voir dire for a felony trial. Second, the ineffectiveness of his counsel entitles him to a new trial.

Based upon our reading of *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the district court did not commit reversible error through the magistrate judge's assistance to the presiding judge. The ineffective assistance of counsel claim is without merit. Accordingly, we affirm.

---

## I.

Lee, a federal prisoner, was convicted after a two week trial, along with several other defendants, on seven counts of a 19-count indictment. Specifically, he was convicted of a conspiracy to violate the racketeer-influenced and corrupt organizations statute, 18 U.S.C. § 1962; conspiracy to distribute and possess with intent to distribute marijuana and cocaine, 21 U.S.C. § 846; conspiracy to import marijuana and cocaine, 21 U.S.C. §§ 952(a), 960, 963; as well as attempt to possess with intent to distribute and to distribute marijuana, and possession with intent to distribute and import cocaine, 21 U.S.C. §§ 841, 846. Lee was acquitted on one count of attempt to possess marijuana with intent to distribute and one count of attempting to import marijuana. On June 23, 1983, Lee received an aggregate sentence of 25 years.

Lee and others appealed their convictions which were subsequently affirmed by this court. *United States v. Love*, 767 F.2d 1052 (4th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 890 (1986). After Lee's appeal was denied, he filed a Rule 35 motion to reduce his sentence. The motion was denied. Since that time, Lee has filed three previous motions to vacate his sentence under 28 U.S.C. § 2255. The first was dismissed without prejudice on procedural grounds on February 4, 1985. The second was denied on September 25, 1986. The third motion, alleging the government suppressed part of a plea bargain with one of its witnesses, Wilbur Corvette, was denied by summary judgment for the government on June 9, 1987. This denial was affirmed by this court in *United States v. Lee*, 867 F.2d 206 (4th Cir.1989).

On September 11, 1989, Lee filed his motion to vacate the sentence which is the subject of this appeal. The motion was assigned to a magistrate judge[1] to make a report and recommendation. On November 16, 1989, the government filed its opposition to the motion and a motion for summary judgment in its favor. Timely objections to the magistrate judge's report were filed and on March 14, 1990, the district court entered an order adopting the magistrate judge's findings and granting summary judgment for the United States. Lee appealed.

## II.

### A.

Jury selection in the trial of Lee began on April 21, 1983, and continued though April 23, 1983. Early in the proceedings, during the general voir dire, the trial judge announced that he was having trouble with his voice and asked Magistrate Judge Charles W. Gambrell to sit with him to help ask some of the individual voir dire questions.

After the general voir dire was completed, the entire venire was taken to a separate courtroom. As individual names were drawn from the jury drum, that prospective juror was brought back into the courtroom for more extensive individual voir dire. Just prior to the individual voir dire proceedings, the trial judge explained, "I'm going to let [magistrate judge] Charlie Gambrell do most of the questioning of individuals.…" The voir dire was then conducted with either the judge or the magistrate judge asking the questions. With the exception of one occasion, during which the judge took a phone call outside the courtroom, he was present with the magistrate judge.

The exception occurred with respect to juror Betty Jo Parkins. After individual voir dire was completed, the veniremen were asked to leave the courtroom while the defense attorneys conferred on whether or not to strike him or her. Once defense counsel were ready to proceed, the juror was called back to court and seated or struck. When defense counsel announced they were ready to proceed on juror Parkins, the magistrate judge pointed

---

1. Magistrate Judge Henry M. Herlong's participation in this case is not the subject of this appeal. Magistrate Judge Charles W. Gambrell's assistance of the trial judge in the latter's conducting of voir dire forms the basis of the appeal. To prevent confusion, only the relevant magistrate judge, Gambrell is identified by name.

out that the judge left the courtroom and indicated that he would wait for the judge to return before taking any action. Only after two express waivers of the judge's presence by defense counsel and three suggestions by the magistrate judge to wait for the judge's return did the magistrate judge allow the juror to be seated. The judge returned to the courtroom immediately after defense counsel had accepted the juror. Only at that point was juror Parkins instructed by the judge to join the other jurors who were selected.

### B.

The record reflects that at all stages of his trial petitioner Lee was represented by three lawyers, not only J. Edward Bell, an attorney he specifically alleges was incompetent, but Thomas P. Simpson, and John Delgado. The affidavits of attorneys Simpson and Delgado reflect they participated in all stages of the trial and prepared for it.

Two alleged errors said to constitute ineffective assistance of counsel arise out of previous section 2255 motions filed in the District Court, one of which was appealed. The first involved a finding by a magistrate judge that Bell showed an absence of objective good faith in the petition alleging that the government had secreted a drug agent to prevent him being interviewed. The petition filed on the forms provided by the Court contained a recounting of facts alleging, in part, improper suppression of *Brady* material and the knowing use of perjured testimony by the government. Specifically, it alleged that the government secreted Drug Enforcement Administration agent, Gene Francar, and prevented the defense from interviewing him. In fact, the trial transcript reflected that Francar did testify at trial and was crossexamined by one of Bell's co-counsel.

The second alleged error involves a separate section 2255 proceeding in which it was alleged the government had failed to disclose the full extent of its plea agreement with a cooperating co-defendant, Wilbur Corvette. The district court held that the terms of Corvette's plea agreement were fully disclosed to the defense and that nothing was hidden from it. This court held that the government disclosed the full extent of its plea agreement with Corvette and that there was no evidence of governmental deception. In so doing, the court held, "[w]hile the government was unquestionably under an obligation to disclose the bargain with Corvette, it is not at fault whenever opposing counsel misapprehends the import of a plea agreement with a witness." *Lee*, 867 F.2d 208. This statement is alleged to point to ineffective assistance of counsel.

### III.

█ Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In reviewing this case we are guided by the principle that summary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of law. *Charbonnages De France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). Moreover, on summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Id.* at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). Most importantly, summary judgments are reviewed *de novo* on appeal. *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1127–28 (4th Cir.1987).

## IV.

### A.

▮ The issue relating to Magistrate Judge Gambrell's involvement turns on the dispositive question of whether the trial judge actually delegated authority to conduct voir dire to him. In answering this question and resolving the issue, *United States v. Gomez* is the appropriate standard.

Gomez, a criminal defendant, was tried for a felony with a jury selected by a magistrate judge. 490 U.S. at 860–61, 109 S.Ct. at 2239–40. Gomez objected to the delegation of conducting voir dire to the magistrate judge by the judge. *Id.* Over counsel's objections, the jury was selected. *Id.* The defendant appealed, but made no special claim of prejudice. *Id.*

*Gomez* held that jury selection is not an "additional duty" that magistrate judges may assume under the Federal Magistrates' Act (28 U.S.C. § 636(b), (c)). *Id.* at 876, 109 S.Ct. at 2248. The Federal Magistrates' Act states that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3). Through the gradual congressional enlargement of the magistrate judge's duties and jurisdiction, the Federal Magistrates' Act now authorizes them to preside at jury trials of all civil disputes and criminal misdemeanors, subject to special assignment, consent of the parties, and judicial review. *Id.* at 872, 109 S.Ct. at 2245–46. Moreover, the Act allows the district court to assign to magistrate judges unspecified additional duties subject only to review or conditions that the court may choose to impose. *Id.* The Court reasoned that if literally read such a grant of power would seem to endorse the idea of magistrate judges conducting felony trials. *Id.* The Court declined a literalistic reading, however, and instead turned to the legislative history. It concluded that the history of the Act, replete with statements that magistrate judges should assume subsidiary tasks to allow judges to try cases, confirms the inference that:

Congress … did not contemplate inclusion of jury selection in felony trials among a magistrate's additional duties. *Id.* at 937. Thus, unlike misdemeanor defendants who may be tried by magistrate judges, performing their "additional duty," felony defendants can only be tried by judges exercising a duty unique to their office.

Several facts in the Lee trial distinguish it from the *Gomez* trial. First, the magistrate judge asked questions prepared by the court in the presence of the judge. Thus, the magistrate judge was merely serving as the judge's "voice." Second, the judge did not "delegate" voir dire to the magistrate judge; accordingly, he was present, with one exception, throughout the proceeding. The judge's absence occurred following a recess which allowed defense attorneys to confer about the acceptance of juror Parkins. Third, the defense counsel, over the magistrate judge's objections, accepted a juror in the judge's absence. Fourth, the magistrate judge made no rulings and gave no instructions. Fifth, and most significant, the full voir dire of the juror had been completed under the supervision of the judge, and the judge, not the magistrate judge, instructed the juror to join the jurors previously selected. The record reveals that the only statements made during the judge's absence were the prosecution's presentment of the juror and the defendant's acceptance. Based upon the sequence of events in the record, we conclude that the magistrate judge did not preside over voir dire nor did he engage in any conduct beyond the scope of the duties of a magistrate judge. Thus, we hold that the district court did not commit reversible error.

As the magistrate judge did not preside, we need not address the government's argument that even if he did so, Lee consented. We note, however, that Lee's reliance on *United States v. France*, 886 F.2d 223 (9th Cir.1989) (per curiam) *aff'd by an equally divided Court*, — U.S. —, 111 S.Ct. 805, 112 L.Ed.2d 836 (1991), for the countering proposition that the defendant can not waive his right to judgeconducted voir dire is misplaced. *France* was af-

firmed per curiam by an equally divided Court. Accordingly, *France* is not binding precedent.

### B.

The claims of the ineffective assistance of counsel can neither pass the error prong nor the prejudice prong of the *Strickland v. Washington* test. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Based upon a review of the record as well as the contentions at oral argument and in the brief, this claim is without merit. Thus, we concur with the magistrate judge's report, adopted by the district court, that, "the record clearly contradicts petitioner's claim of ineffective assistance of counsel...."

### V.

The magistrate judge's involvement in voir dire in this particular case did not constitute reversible error nor did Lee's counsel render ineffective assistance. Accordingly, we affirm the district court opinion.

AFFIRMED.