17 F.3d 1433
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Yaseenullah AMIN, Plaintiff-Appellant,
v.
SOUTHLAND CORPORATION, Defendant-Appellee.
 No. 93-2197.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 4, 1994.
Decided March 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. james C. Cacheris, Chief District Judge. (CA-93-236-A)
 Yaseenullah Amin, Appellant Pro Se.
 Michael Frank Marino, REED, SMITH, SHAW & MCCLAY, Mclean, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Yaseenullah Amin appeals from a district court order that granted summary judgment to the Defendant in his action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Sec. 2000e (West 1981 & Supp.1993) ("Title VII"). Because Amin did not properly exhaust his administrative remedies as to one of his claims and because we find his second claim meritless, we affirm.
 
 
 2
 Amin, who is Pakistani, was employed intermittently by the Southland Corporation. Amin was twice rehired by Southland for a job in one of its "7-Eleven" stores. Each time, he was rehired at a lower rate of pay than what he earned before leaving his employment with Southland. Amin asserts in each instance that he was rehired at a lower wage because of his national origin. Amin filed charges with the Arlington County Human Rights Commission ("Arlington County") and the United States Equal Employment Opportunity Commission ("EEOC"). The only issues that Amin raised in his complaint, however, were that he was improperly rehired at a lower wage the second time he was rehired and that he was improperly assigned to a store that was further from his home than other locations. Amin did not refer to the first time Southland rehired him.
 
 
 3
 After conducting its investigation, Arlington County determined that Amin's allegations were groundless, and the EEOC concurred. Amin filed this action in the district court and alleged that he was twice rehired by Southland at a lower wage rate because of his national origin. The court granted Southland's motion for summary judgment after a hearing.
 
 
 4
 Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). In determining whether this showing has been made, a court must assess the factual evidence and all inferences to be drawn therefrom in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). This Court reviews the grant of summary judgment de novo. United States v. Lee, 943 F.2d 366, 368 (4th Cir.1991).
 
 
 5
 A person claiming to be aggrieved by a violation of Title VII may not maintain a suit in a federal district court "until he has first unsuccessfully pursued certain avenues of potential administrative relief." Love v. Pullman Co., 404 U.S. 522, 523 (1972). An aggrieved employee must timely file a charge with the EEOC. EEOC v. Hansa Prods., Inc., 844 F.2d 191, 191-92 (4th Cir.1988). Amin failed to lodge his claim with regard to the first time Southland rehired him with Arlington County or the EEOC within 300 days of the discriminatory act as required by 42 U.S.C.A. Sec. 2000e-5(e) (West Supp.1993). Therefore, the district court properly granted summary judgment as to this claim.
 
 
 6
 As to Amin's second claim that Southland rehired him the second time at a lower rate of pay because of his national origin, the claim is meritless. In order to establish such a claim, Amin must prove by a preponderance of the evidence that:
 
 
 7
 (1) he is a member of a protected group;
 
 
 8
 (2) he was rehired for a position with Southland;
 
 
 9
 (3) he was qualified to be rehired at a higher rate of pay than he received; and
 
 
 10
 (4) other similarly situated employees outside his protected group were rehired at a higher rate of pay.
 
 
 11
 Alvarado v. Board of Trustees of Montgomery College, 928 F.2d 118, 121 (4th Cir.1991). Assuming that Amin is a member of a protected group and acknowledging that Southland rehired him, Amin fails to establish a prima facie case with respect to the latter two criteria since he has submitted no evidence on either issue.
 
 
 12
 Even if Amin established a prima facie case, Southland sufficiently rebutted his claim. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Undisputed affidavits submitted by the Defendant establish that five of fourteen persons that Southland rehired at approximately the same time it rehired Amin were rehired at a higher rate of pay. Three persons of those five were Pakistani. Of the nine who were rehired at a lower rate of pay, three were Pakistani; the remaining persons were of various other ethnic backgrounds. Therefore, the district court properly granted summary judgment to Southland on this claim. For these reasons, we affirm the district court's order that granted summary judgment to Southland.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Amin raised issues concerning personal leave and his store location in his administrative proceedings in Arlington County, but he did not assert those issues in his district court complaint. Since we do not find plain error or denial of fundamental justice with regard to those issues, we will not consider them in this appeal. See Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir.1985)