**Edward A. BRIGGS, Jr., Plaintiff,**

v.

**CHESAPEAKE VOLUNTEERS IN YOUTH SERVICES, INC., Defendant.**

**No. Civ.A. 2:99cv748.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 18, 1999.

---

Hughes Kennedy Reveley, Jr., Halbert T. Dail & Associates, P.C., Chesapeake, VA, for plaintiff.

William McCardell Furr, Timothy McConville, Willcox & Savage, Norfolk, VA, for defendant.

## ORDER AND OPINION

FRIEDMAN, District Judge.

This matter is before the Court on the defendant's motion to dismiss, or in the alternative, for summary judgment. The Court heard argument in this matter and took it under advisement. Upon careful consideration of the parties' arguments and the evidence before the Court, the Court hereby GRANTS the defendant's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Edward Briggs, is an employee of the Chesapeake Volunteers in Youth Services, Inc. (CVYS). CVYS is a non-profit corporation providing community service opportunities and other services to individuals, specifically juveniles, who are involved in proceedings before the Chesapeake Juvenile and Domestic Relations District Courts. *See* Undisputed Facts Paras. 2, 3 and 4, and Pl's Memo. at p. 1.

The basis of the plaintiff's claim in this case is simple—he alleges that he has completed over 1000 hours of overtime for the CVYS and has not been compensated. As a result, the plaintiff filed this action in Chesapeake Circuit Court in April 1999 seeking $30,000.00 in damages and other relief. On May 20, 1999, the defendant removed the case to this court based on federal jurisdiction over the Fair Labor Standards Act claim (FLSA). On July 29, the defendant moved to dismiss or for summary judgment in this case, and attached affidavits regarding the organization and funding of the CVYS.

## STANDARD OF REVIEW

The central issue in this matter is whether the FLSA covers the plaintiff's employment with the CVYS. In support of their conflicting positions, the parties have submitted opposing affidavits purportedly establishing the funding of CVYS, its organizational structure and the extent of its oversight by governmental agencies. The defendant's affiant is Jim Crowley, the Executive Director of the CVYS, and the supervisor of the plaintiff, Mr. Briggs. The plaintiff filed an affidavit on his own behalf disputing the organization, purpose and funding of the CVYS as explained by Crowley. Because the defendant and the plaintiff in this case submitted affidavits, and the Court did not exclude matters outside of the pleadings, it is appropriate to convert consideration of the defendant's motion to dismiss to a motion for summary

judgment, as is suggested in the alternative by the defendant.

Summary judgment should be granted where it appears that the pleadings, depositions and answers, and other documentary evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. To defeat a motion for summary judgment, the non-moving party must demonstrate that there are specific and material facts in dispute which create a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the moving party, disposition by summary judgment is appropriate." *United States v. Lee*, 943 F.2d 366, 368 (4th Cir.1991).

*ANALYSIS*

I. *The Coverage of the FLSA*

The FLSA extends coverage to employees by two means: (1) individually, if the employee is engaged in commerce or the production of goods for commerce, and (2) through their employer, if the employer is an enterprise engaged in interstate commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1). The FLSA requires that all employers covered by the Act compensate their employees at the rate of one and one-half normal wages for time worked in excess of the normal 40–hour work week. 29 U.S.C. § 207(a)(1). Due to the remedial and humanitarian purposes of the FLSA, its terms are liberally construed and its exemptions are narrowly construed. *Tony and Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985); *Murray v. R.E.A.C.H. of Jackson Cnty., Inc.*, 908 F.Supp. 337 (W.D.N.C.1995).

Employees seeking compensation based on the FLSA have the burden of proving that the FLSA applies to their employer/employee relationship and that the activities in question constitute "employment" under the FLSA. *See Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). Once this initial burden is met, the burden shifts to the employer to establish whether one of the specific exemptions under the FLSA applies. *See Johnson v. City of Columbia*, 949 F.2d 127, 129–30 (4th Cir.1991) (en banc).

The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d). An employee is defined as "any individual employed by an employer." *Id.* at § 203(e)(1). The FLSA only applies to businesses which constitute an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s). The FLSA defines enterprise as "the related activities performed ... by any person or persons for a common business purpose." 29 U.S.C. 203(r)(1).

II. *Whether CVYS is an Enterprise Subject to the FLSA*

In this case, Briggs does not suggest that he is personally engaged in interstate commerce or in the production of goods for commerce in his position at CVYS. Furthermore, it is undisputed that CVYS is a non-profit organization involved with advising and cooperating with the Chesapeake Juvenile and Domestic Relations District Court on matters regarding laws relating to children and domestic relations, and providing the court with volunteer workers to promote programs assisting youths impacted by divorce, domestic violence, etc. *See* Statement of Undisputed Facts ¶¶ 2–4; *see also* 2nd Affidavit of Crowley ¶ 4 (dated Aug. 24, 1999) (stating that CVYS is a tax exempt non-profit organization).

Numerous courts have held that non-profit agencies are not covered by the FLSA unless it is shown that the non-

profit organization engages in commercial activities in competition with other commercial enterprises. *Tony & Susan Alamo Found.*, 471 U.S. 290, 295–99, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (developing the economic reality test to determine whether a non-profit organization is actually engaged in ordinary commercial activities); *Joles v. Johnson Cnty. Youth Serv. Bureau, Inc.*, 885 F.Supp. 1169, 1174–75 (S.D.Ind.1995) (finding that non-profit organization providing services to troubled youth was not engaged in business purpose under the FLSA); *Wagner v. Salvation Army*, 660 F.Supp. 466 (E.D.Tenn. 1986) (holding that Salvation Army was not an enterprise under the FLSA since it did not engage in commercial activities). The focus of the court's inquiry is whether the non-profit agency is primarily engaged in competition in the public with ordinary commercial enterprises. *Tony & Susan Alamo*, 471 U.S. at 295–99, 105 S.Ct. 1953.

■ There is no evidence in this case that CVYS in any way competes with other commercial ventures, or charges its clients for services. *See* Crowley Affidavit. Instead, the CVYS receives funding through grants and local fund-raising.[1] *Id.* Based on the undisputed description of the activities and purpose of the CVYS, the Court cannot find that the CVYS is an enterprise as defined by the FLSA. Instead, the Court finds based on the undisputed facts that the CVYS is strictly involved in eleemosynary activities, such as assisting at-risk youths in finding a positive direction for their lives. The CVYS is not operated

for a "business purpose," and therefore, the CVYS is not an enterprise as defined by the FLSA.[2] *See Murray*, 908 F.Supp. at 340 (finding that shelter for victims of domestic violence was not an enterprise under the FLSA, and granting summary judgment); *Wagner*, 660 F.Supp. at 468 (granting summary judgment upon finding that division of the Salvation Army employing the plaintiff, the lodge, was not an enterprise engaged in commerce).

### III. Whether CVYS is a "Public Agency"

Rather than relying on its enterprise status, Briggs claims that CVYS is a "public agency," and therefore, is covered by the FLSA. Briggs insists that CVYS's funding and ties to the Chesapeake courts and the City of Chesapeake makes it a public agency, or political subdivision of either the courts or the City, and therefore, subject to the terms of the FLSA.

The FLSA originally only applied to private sector employees. However, in 1974, Congress amended the FLSA to include within its definition of employers any "public agency." 29 U.S.C. § 203(d); *see Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985) (reinstating the extension of the FLSA to state and local governments). The FLSA defines public agency as "the government of the United States; the government of a State or political subdivision thereof; any agency of the United States ..., a State, or political subdivision of a State; or any interstate governmental agency." 29 U.S.C. 203(x).

---

1. Additionally, the CVYS asserts that all of its clients are from Virginia, and referred exclusively by Virginia agencies, specifically, the Chesapeake Juvenile and Domestic Relations District Court. *See* Crowley Affidavit. The plaintiff disputes this assertion. *See* Briggs 2nd Affidavit. However, regardless of whether any of its clients are referred from outside of Virginia, the CVYS is not an enterprise as defined under the FLSA. Furthermore, the CVYS avers that it does not generate greater than $500,000.00 in sales or funds from "business done," as is required by the FLSA. *See Hodgson v. Hyatt Realty and Investment Co.*, 353 F.Supp. 1363 (M.D.N.C.1973) (col-

lection of taxes by employees which was used to, among other things, issue license plates and fund public highways, did not create presumption of interstate commerce).

2. The Department of Labor (DOL) regulations for the FLSA and the opinion letters from the Wage Hour Administrator for the DOL provide that an organization must be engaged in a business purpose to be covered by the FLSA. *See* 29 C.F.R. § 779.214 (1998); *see also Wagner*, 660 F.Supp. at 467 (citing DOL Opinion letters).

The Supreme Court has explained that a political subdivision is an entity "(1) created directly by the state so as to constitute departments or administrative arms of the government or (2) administered by individuals who are responsible to public officials or to the general electorate." *See NLRB v. Natural Gas Utility Dist. of Hawkins Cnty., Tenn.*, 402 U.S. 600, 604–05, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971) (finding that Utility District was political subdivision subject to terms of National Labor Relations Act); *Benshoff v. City of Virginia Beach*, 9 F.Supp.2d 610, 619 (E.D.Va. 1998) (Doumar, J.) (quoting *NLRB* ), *aff'd*, 180 F.3d 136 (4th Cir.1999).

In *Benshoff* the court considered, *inter alia*, whether non-profit volunteer rescue squads were public agencies under the FLSA. The court held that, despite the City's control over the volunteer squads, the squads were not public agencies for the purpose of the FLSA. 9 F.Supp.2d at 619, *aff'd*, 180 F.3d at 146. The district court in *Benshoff* reasoned that the governance of the squads was by its own Board of Directors, and that the power to hire and fire the workers rested with the squad. *Id.*

The CVYS argues that, like the volunteer rescue squads in *Benshoff*, it is not a public agency. The plaintiff contends that CVYS is an "arm" of the City of Chesapeake or the Chesapeake Juvenile and Domestic Relations District Court. In support of this position, the plaintiff points to the following "facts" set forth in his rebuttal affidavit: (1) the CVYS receives funding from the City of Chesapeake, (2) the CVYS Board members are appointed by members of the Advisory Council which is appointed by the Juvenile Court Judge, (3) the Chesapeake City Council retains authority, pursuant to the Code of Virginia, 15..2–1107, to abolish the CVYS, (4) the plaintiff believes his checks are drawn from the City of Chesapeake, and (5) the plaintiff receives benefits from the Virginia Retirement System. *See* Pl's Affidavit. Each of the plaintiff's allegations must be addressed to determine whether the CVYS is a public agency for the purposes of the FLSA.

■ First, the plaintiff claims that the CVYS is funded "almost exclusively" by the City of Chesapeake. However, the CVYS's Executive Director, Mr. Crowley, stated in his affidavit that the majority of the funding for the CVYS comes from private sources other than the City of Chesapeake and Commonwealth of Virginia. *See* Crowley Aff. at ¶¶ 1, 3 and 8; 2nd Crowley Aff. at ¶¶ 1 & 2. The CVYS argues that to the extent it receives any funding from the City, it is not "controlled" by the City. Rather, as set forth in the Crowley affidavit, the City's funds are accepted by the CVYS, as are any other contributor's funds. The Court finds that receipt of funds from the City does not make the CVYS an "arm" or "political subdivision" of the City.

■ Second and more important to this Court's determination of public agency status, the plaintiff argues that the CVYS's board selection process subjects it to public agency status. Specifically, the plaintiff argues that the Board members pick new Board members from a "pool," *i.e.*, the Citizen's Advisory Council, which is comprised of members appointed by the City Council and Chesapeake Juvenile Court Judges. *See* Pl's Aff. at ¶ 4. The CVYS asserts that its Board has authority to appoint new Board members and that the court only has the authority to approve the Board's appointments. The CVYS does not deny that its Board members are selected from the pool of the people already serving on the Citizen's Advisory Council. Def's Reply Memo. at p. 4. Instead, the CVYS argues that its control to appoint its own Board, and to hire and fire its own employees is the crucial difference between it and a public agency. This Court agrees and finds that the fact that the Board members are chosen from the pool of the Advisory Council is insufficient to create a connection with the City forcing "public agency" status on the CVYS. *See Benshoff*, 9

F.Supp.2d at 619 (finding that the authority to appoint board members was a critical factor in determining whether a defendant is a public agency under the FLSA) (citing *Conway v. Takoma Park Volunteer Fire Dep't, Inc.*, 666 F.Supp. 786 (D.Md.1987)). Regardless of where the pool of applicants from which the CVYS draws its Board members is generated, the CVYS maintains control of its organization through its own Board of Directors and is administered by persons not responsible to public officials or the general electorate.

Third, the plaintiff argues that, pursuant to Section 15.2–1107 of the Virginia Code, the City of Chesapeake has the ability to "abolish" the CVYS. Section 15.2–1107 of the Virginia Code provides that a municipal corporation, such as the City of Chesapeake, may

> establish, consolidate, abolish or change departments, offices, boards, commissions and agencies of the municipal corporation and prescribe the powers, duties, and functions thereof, except where such departments, offices, boards, commissions and agencies or the powers, duties and functions thereof are specifically established or prescribed by its charter or otherwise by law.

Va.Code Ann. § 15.2–1107. The plaintiff's argument in this regard is circular and somewhat perplexing. Essentially, the plaintiff argues that the CVYS is an official arm of the government because the City can abolish its own "departments, offices, boards, commissions and agencies." Nothing in Section 15.2–1107 provides support for the proposition that the CVYS is one of the departments or agencies of the City of Chesapeake described in Section 15.2–1107. Moreover, as the exhibits attached to Mr. Crowley's affidavit make clear that the City of Chesapeake does not consider the CVYS an agency subject to its direction or protections. *See* 2nd Crowley Aff. at ¶¶ 2 & 3; *see also* Ex. A attached to 2nd Crowley Affidavit; *see also Benshoff*, 9 F.Supp.2d at 620 (citing *Takoma Park*, 666 F.Supp. at 793–95) (relying on the fact that the City of Virginia Beach did not consider the volunteer rescue squads to be an arm of the City). In *Benshoff*, the court considered a Virginia Beach ordinance which specifically stated that volunteer squads were an "essential part of the official public safety program for the City." Nonetheless, the *Benshoff* court still found that the volunteer squads were not public agencies under the FLSA. If the Virginia Beach ordinance does not create a public agency nexus, then the statute relied on by the plaintiff's in this case certainly does not implicate the CVYS as a public agency.

Finally, the plaintiff contends that because his paycheck is cut by the City of Chesapeake and he receives benefits from the Virginia Retirement system, the CVYS is an "arm" of the City and therefore, a public agency subject to the FLSA. Again, the CVYS provided an explanation that satisfies the Court. According to the undisputed facts contained in the Crowley affidavit and attached exhibits, the City of Chesapeake receives grant monies on behalf of the CVYS and acts as a fiscal agency for the CVYS. The receipt of funds and dispersion of payroll on City checks does not, in and of itself, establish that the CVYS is an arm of the City. Similarly, the benefit of the Virginia Retirement system does not bring the CVYS under the auspices of the City. Rather, as Clarence Cuffey, the Deputy City Manager for Chesapeake, explained in his letter written to Judge Olds of the Chesapeake Juvenile and Domestic Relations District Court, the City does not claim any oversight over the CVYS, although it does allow the CVYS employees to receive Virginia retirement benefits with the CVYS's funding sources covering the expenses. Ex. A to 2nd Crowley Aff. Therefore, the artificial connection of the City acting as the fiscal agent for the CVYS does not turn the CVYS into a public agency or arm of the City.

The defendant asserts, and the plaintiff does not specifically dispute, that the CVYS was created by a group of private individuals, not by the City of Chesapeake

or the Commonwealth of Virginia. Additionally, the CVYS is controlled by its own board of directors. While the Chesapeake Juvenile and Domestic Relations District Court has authority to approve appointments to the Board of Directors, it does not have authority to remove members from the Board. Furthermore, the CVYS Board has the exclusive authority to hire and fire the CVYS employees. Relying on these factors and the discussion of other facts relevant to this case set forth above, the Court FINDS that the CVYS is neither an "enterprise" nor a "public agency" subject to the terms of the FLSA. Based on the evidence before the Court, the CVYS is a privately organized, non-profit corporation which maintains control of its operations through its own independent Board of Directors. As a result, the FLSA does not apply to the CVYS or its employees, and summary judgment must be granted to the defendant as a matter of law.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is GRANTED.

It is so ORDERED.

The Clerk is DIRECTED to send a copy of this Order and Opinion to all counsel.