UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

OZZIE ANTHONY COLE, a/k/a
Jamaican T, a/k/a T,
    *Defendant-Appellant.*

No. 02-4507

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-01-25)

Submitted: October 3, 2003

Decided: February 17, 2004

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

John M. Sutton, SUTTON & JANELLE, P.L.L.C., Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ozzie Anthony Cole pled guilty to distributing 2.12 grams of crack on February 9, 2001 (Count Eleven of a nineteen-count indictment), and was sentenced to a term of 188 months imprisonment. Cole contends on appeal that the district court erred in using protected information that he provided pursuant to a cooperation agreement to determine that he had a supervisory role in the distribution of drugs. *See U.S. Sentencing Guidelines Manual* §§ 1B1.1, 3B1.1(c) (2001). He also claims that the government breached the plea agreement when it refused to recommend an adjustment for acceptance of responsibility. USSG § 3E1.1. We find no merit in the latter argument and affirm the sentence in that respect. However, we vacate the sentence and remand for further proceedings concerning whether information obtained from Cole under the cooperation agreement was improperly used to determine the applicable guideline range.[1]

Cole's plea agreement provided that he would cooperate fully and that, pursuant to Guideline Section 1B1.8, any information he supplied could not be used to determine his guideline range. The agreement further provided that, if the government deemed that Cole had accepted responsibility, and the probation officer recommended an adjustment for acceptance of responsibility, the government would concur in a three-level adjustment under § 3E1.1. Finally, the agreement provided that, if the government deemed that Cole had either failed to cooperate or engaged in obstructive conduct as defined in USSG § 3C1.1, the government would not be bound to recommend an adjustment for acceptance of responsibility.

---

[1]Cole also waived his right to appeal his sentence. Because the issue he raises here concerns a possible breach of the plea agreement, the waiver does not foreclose this appeal.

When Cole was interviewed by investigative agents, he revealed that he had fronted crack to Howard (Happy) Peterson with the expectation that Peterson would sell the crack and return some of the proceeds to him. The probation officer used this information to recommend a two-level adjustment pursuant to § 3B1.1(c). When Cole objected, the probation officer responded that the government had several independent sources for the information. At Cole's first sentencing hearing, the government named Mark and Susan Hardy and Happy Peterson as the sources of the information.[2] At a later hearing, the government produced Happy Peterson and his girlfriend, Michelle Frye, as witnesses. They both testified that they had sold crack for Cole. The district court then made the adjustment.

Cole argues on appeal that the district court clearly erred in considering immunized information he provided during his debriefing to enhance his base offense level by two levels under § 3B1.1(c). The underlying issue is whether the government breached the plea agreement by providing the information to the probation officer and the district court.

Guideline section 1B1.8 provides that information provided by a defendant pursuant to a cooperation agreement may not be used in determining the applicable guideline range (except to the extent provided in the agreement) unless the information was known to the government *before* the defendant entered into the agreement. *See United States v. Abanatha*, 999 F.2d 1246, 1249 (8th Cir. 1993) (use of immunized information violates Fifth Amendment as well as § 1B1.8); *United States v. Marsh*, 963 F.2d 72, 74-75 (5th Cir. 1992); *see generally United States v. Lee*, 867 F.2d 206, 207 (4th Cir. 1989). Application Note 5 further explains that, even if the defendant personally provides the protected information to the probation officer who prepares the presentence report, the information remains protected. *United States v. Washington*, 146 F.3d 219, 221-22 (4th Cir. 1998).

Although the district court decided that it could respect the agreement while considering the evidence given by Peterson and Frye because their testimony constituted an independent source of informa-

---

[2]Mark Hardy's debriefing report states only that he bought crack from "Happy Pierce;" apparently this was Peterson.

tion establishing Cole's supervisory role, the court did not determine whether the government learned of Cole's supervisory role from them or someone else *before* Cole entered into the plea agreement. If the government acquired this information after Cole made his statement, the information may not be used against Cole for sentencing purposes, under § 1B1.8 and, therefore, under the terms of the plea agreement. Because this question cannot be resolved without further fact finding, we vacate the sentence and remand the case so that the district court may determine whether, when Cole revealed that he had fronted crack to Peterson, the arrangement was "a fact not previously known to the government. . . ." USSG § 1B1.8, comment. (n.1).

Cole also claims that the government breached the plea agreement by failing to recommend a three-level adjustment for acceptance of responsibility. Cole did not raise this issue in the district court; therefore, the standard of review is plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998).

Before Cole's final sentencing hearing, he wrote two letters to Michelle Frye in an attempt to influence Happy Peterson's testimony. This conduct was an attempt to obstruct justice as defined in Application Note 4(a) to § 3C1.1. Under the terms of the plea agreement, therefore, the government was not bound to recommend an adjustment for acceptance of responsibility even if the adjustment was recommended by the probation officer. Cole has accordingly failed to establish that the district court plainly erred in not finding that the government breached the plea agreement in this respect.

We therefore affirm the sentence in part, but vacate the sentence and remand for further proceedings in accord with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*