**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4489**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OZZIE ANTHONY COLE, a/k/a T, a/k/a Jamaican T,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (CR-01-25)

---

Submitted: April 21, 2006          Decided: May 15, 2006

---

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Affirmed in part and remanded by unpublished per curiam opinion.

---

David W. Frame, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ozzie Anthony Cole appeals an order of the district court finding that the sentence previously imposed was correct and declining to resentence him. We agree that Cole's sentence was not erroneous, and affirm the district court's order to that extent. We remand the case so that the district court may reenter the original judgment and commitment order nunc pro tunc.

Cole pled guilty to distribution of 2.12 grams of cocaine base "crack," and was initially sentenced to a term of 188 months imprisonment. In his first appeal, Cole challenged the two-level role adjustment he had received under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2001), based on information that he had regularly fronted crack to defendant Howard (Happy) Peterson with the understanding that Peterson would sell the crack and return some of the money to him. Cole maintained that the role adjustment was based on protected information he had provided to the government pursuant to the cooperation provision in his plea agreement. See USSG § 1B1.8(a), (b)(1) & comment. (n.1) (self-incriminating information provided by a defendant under a cooperation agreement may not be used to determine the guideline range unless the information was already known to the government before the defendant entered into the cooperation agreement). Cole also claimed that the government had breached the plea agreement by refusing to recommend an adjustment for acceptance of

responsibility under USSG § 3E1.1.  We found no merit in the latter claim and affirmed the sentence in part, but vacated the sentence and remanded with directions that the district court should determine whether the government already knew of Cole's arrangement with Peterson before Cole provided that information pursuant to the cooperation agreement.  United States v. Cole, No. 02-4507, 2004 WL 292110 (4th Cir. Feb. 17, 2004) (unpublished).

On remand, the government produced evidence that it obtained the relevant information  from three witnesses before Cole entered into his plea agreement.  At a hearing on April 4, 2005, the district court determined that Cole's debriefing statement had not been used to calculate his guideline range, and that the sentence previously imposed need not be changed.  The court informed Cole that he could appeal the court's decision.  The court entered an order on April 6, 2005, setting out its finding and stating that it was not necessary to resentence Cole.  From this order, Cole has appealed.

Cole effectively concedes that the government obtained information that Peterson sold crack for him before he entered into his cooperation agreement.  He now contends that the information was unreliable until he confirmed it in his debriefing and that, because the information lacked sufficient indicia of reliability, it should not have been considered by the district court to resolve

his objection to the role adjustment.  See USSG § 6A1.3(a) (Resolution of Disputed Factors).[1]

The district court did not clearly err in deciding the factual issue before it on remand, i.e., that the government knew of the information on which the role adjustment was based before Cole entered into his plea agreement and was debriefed.  The credibility of the information provided by those witnesses was not directly challenged by defense counsel on remand, and the district court made no finding concerning their reliability.  Because Cole waived his right to appeal the sentence, any challenge to the district court's determination of the offense level that is distinct from his claim that the government breached the plea agreement by allowing the use of protected information is foreclosed by the waiver provision in the plea agreement.[2]

Cole acknowledges that, under United States v. Blick, 408 F.3d 162 (4th Cir. 2005), his pre-Booker waiver of appeal rights

---

[1]This guideline section provides that, to resolve disputed sentencing factors, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."

[2]The assertions of error that Cole makes in his pro se supplemental brief based on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), are similarly waived. Even if the role adjustment issue were properly raised on appeal, we would conclude that the district court did not plainly err in finding, impliedly, that the witnesses' information was sufficiently credible to warrant consideration. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (standard of review).

remains valid, but he urges us to reconsider Blick in light of Booker and two other recent Supreme Court decisions. However, "[i]t is well settled that, 'a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that.'" United States v. Chong, 285 F.3d 343, 346-47 (4th Cir. 2002) (citation omitted).

Moreover, because Cole did not challenge the validity of his waiver in the first appeal, the mandate rule precludes him from challenging it at this point, unless the "controlling legal authority has changed dramatically." United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993). Cole first suggests that the waiver was invalidated by Booker because he did not recognize his Sixth Amendment rights when he pled guilty. This claim was rejected in Blick, 408 F.3d at 170-73. Cole also urges this court to reconsider Blick in light of Halbert v. Michigan, 125 S. Ct. 2582, 2594 (2005) (holding that indigent state defendant could not implicitly waive right to appointed appellate counsel unrecognized at the time of his nolo contendere plea). As explained above, we lack authority to do that; in addition, we note that the Fifth Circuit has held that Halbert does not govern where a defendant makes an explicit waiver of his statutory, non-constitutional right to appeal his sentence. United States v. Burns, 433 F.3d 442, 446-50 (5th Cir. 2005).

Cole also relies on Crawford v. Washington, 541 U.S. 36 (2004). In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial statements that are not subject to cross-examination. Id. at 50-51. Before Crawford, this court held that, in making a factual determination, the sentencing court may consider any reliable and relevant information, including hearsay. United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995); see also 18 U.S.C. § 3661 (2000); Fed. R. Evid. 1101(d)(3). Since Crawford was decided, several circuits have held that it did not make the Confrontation Clause applicable to sentencing. See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 126 U.S. 671 (2005); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005); United States v. Martinez, 413 F.3d 239, 243-44 (2d Cir. 2005), cert. denied, 126 S. Ct. 1086 (2006). In light of these authorities, we discern no basis for Cole's claim that Crawford invalidates his waiver.

We grant Cole's motions to file a pro se supplemental brief. We have considered the issues raised in the pro se brief and find them to be without merit. Therefore, we affirm the district court's findings concerning the sentence. Because the district court did not reimpose the sentence, we remand the case for the sole purpose of allowing the district court to reenter the original judgment order nunc pro tunc. See United States v.

- 6 -

Dodson, 291 F.3d 268, 272 (4th Cir. 2002) ("a criminal 'judgment' includes both a conviction and its associated sentence, so that a 'judgment of conviction' cannot be final . . . until both the conviction and sentence . . . are final").  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND REMANDED